738 A.2d 1007

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas McCULLUM, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 1998.

Decided Oct. 28, 1999.

Reargument Denied Dec. 31, 1999.

John Elash for T. McCullum.

Stephen A. Zappa, District Atty., Michael W. Streily, Pittsburgh, Robert A. Graci, Harrisburg, Russell K. Broman, Pittsburgh, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

In this appeal from the denial of appellant's petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, et seq. ("PCRA"), appellant alleges that his trial counsel was ineffective for failing to present a diminished capacity defense at the guilt phase of his murder trial. For the reasons that follow, appellant is not entitled to relief and the order of the PCRA court is affirmed.

On June 22, 1989, appellant was convicted by a jury of first degree murder, rape and robbery for his involvement in the murder of Tillie Katz.[1] The jury determined that the two aggravating circumstances it found[2] outweighed the three mitigating circumstances[3] and, therefore, imposed the sentence of death pursuant to 42 Pa.C.S. § 9711(c)(1)(iv). In addition to the death penalty on the first degree murder charge, appellant was sentenced to an additional term of imprisonment of ten to twenty years on the rape charge and ten to twenty years on the robbery charge, with the additional sentences to run consecutively. This Court affirmed the conviction and sentence on direct appeal. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992).

1. A detailed factual history of the case appears in this Court's opinion on direct appeal. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992).

2. The aggravating circumstances found by the jury were that appellant committed the killing while in the perpetration of a felony, 42 Pa.C.S. § 9711(d)(6), and that appellant had a significant history of felony convictions involving the use or threat of violence, 42 Pa.C.S. § 9711(d)(9).

3. The mitigating circumstances found by the jury were that the defendant was under the influence of extreme mental or emotional disturbance, 42 Pa.C.S. § 9711(e)(2); that the defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired, 42 Pa.C.S. § 9711(e)(3); and, under the catchall circumstance of any other evidence of mitigation, 42 Pa.C.S. § 9711(e)(8), "Dr. Levitt's [sic] testimony concerning the character and record of the defendant and the circumstances of his offense."

Appellant filed a *pro se* petition for relief under the PCRA on January 22, 1996. Counsel was appointed and an amended petition was filed on May 16, 1996. The PCRA court denied the petition without a hearing on November 12, 1997.[4]

To be eligible for relief under the PCRA, appellant must satisfy the following requirements:

(a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

\* \* \*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \*

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543(a).

■■■ Appellant's single claim of error is that he was denied effective assistance of counsel because his trial counsel

4. Initially, we note that the petition under review was filed four years after the judgment became final. A judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). As a matter of jurisdiction under the PCRA, a petition must generally be filed within one year of final judgment. 42 Pa.C.S. § 9545(b)(1). However, the PCRA provides that if the appellant's judgment was final before the effective date of the amended act, January 16, 1996, the petition shall be deemed timely if it is a first petition filed within one year of the effective date. Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32. The petition under review is appellant's first petition and was filed within one year of the effective date of the act; therefore, it is timely.

failed to present a diminished capacity defense at trial. To succeed in this claim, appellant must demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to his prejudice. *Commonwealth v. LaCava*, 542 Pa. 160, 178, 666 A.2d 221, 229 (1995), *citing Commonwealth v. Edmiston*, 535 Pa. 210, 237, 634 A.2d 1078, 1092 (1993).

Appellant's claim that his counsel was ineffective for failing to present a diminished capacity defense is without merit.[5] Initially, we note that when asserting a diminished capacity defense to first degree murder, a defendant attempts to negate the element of specific intent to kill and, if successful, first degree murder is reduced to third degree murder. *Commonwealth v. Travaglia*, 541 Pa. 108, 124 n. 10, 661 A.2d 352, 359 n. 10 (1995). Diminished capacity is an extremely limited defense that requires psychiatric testimony concerning a defendant's mental disorders that specifically affect the "cognitive functions [of deliberation and premeditation] necessary to formulate a specific intent" to kill. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 28, 454 A.2d 937, 943 (1982) *quoting Commonwealth v. Weinstein*, 499 Pa. 106, 451 A.2d 1344 (1982).

In his petition, appellant asserts that the expert psychiatric testimony which was presented during the penalty phase of trial should also have been presented at the guilt phase of the trial in order to establish his diminished capacity.[6] During the

5. Appellant's entire argument consists of a recitation of Dr. Levit's testimony and a single sentence stating that the claim has merit in light of the mitigating circumstances found by the jury. Appellant's Brief at 10. Appellant's blanket assertion falls far short of his burden to prove that his claim has merit. Nonetheless, because the PCRA court addressed the merits of appellant's claim, we will do so as well.

6. Appellant relies exclusively on the psychiatric testimony presented at the penalty phase to support his claim that a diminished capacity defense was viable. Nonetheless, the PCRA court ordered appellant to provide additional evidence in the form of an affidavit or report from Dr. Levit or any other mental health professional that would support his claim. Petitioner failed to comply with that offer by the court.

penalty phase, appellant's expert, Dr. Levit, testified as follows regarding his opinion of appellant's mental state:

[T]he testing, a review of his history as well as the police reports and his interview lead to the conclusion that Thomas McCullum is a man whose basic intelligence is average, but who functions poorly and ineffectually as a result of a combination of factors. These include his environmental background and the underlying psychopathology which is schizophrenic in nature and paranoid in quality. On the surface he does not appear to have the typical overt symptoms of this disorder, yet there are subtle features present, so that he is considered to be subclinically psychotic. There is a consistent paranoid feature present, and he does distort reality. His emotional tone during the examination was flat. He showed no particular emotion other than the chronic underlying hostility. Even when discussing his anxiety and depression which are present, he did not reflect these features. A tentative clinical diagnosis of this man at this time is that of a delusional disorder, unspecified type.

N.T. 6/21/89 at 354–55.

Contrary to appellant's assertion, Dr. Levit's testimony does not satisfy the evidentiary requirements needed to establish a diminished capacity defense. At no point in his testimony did Dr. Levit state that appellant was unable to formulate the specific intent to kill. As such, this testimony could not have been admitted at trial even had counsel attempted to present a diminished capacity defense. *Zettlemoyer, supra* at 28, 454 A.2d at 943 (testimony regarding schizoid/paranoid diagnoses inadmissible to support defense of diminished capacity). Therefore, appellant's underlying claim lacks merit.

Appellant further relies on this Court's recent decision in *Commonwealth v. Legg,* 551 Pa. 437, 711 A.2d 430 (1998), to support his argument that his trial counsel was ineffective for failing to present a diminished capacity defense. In *Legg,* a majority of this Court determined that appellant was entitled to a new trial based on trial counsel's failure to present expert testimony concerning appellant's ability to formulate the specific intent to kill at the time of the murder. However, *Legg* is

readily distinguishable. In *Legg,* appellant's expert witness testified at the PCRA hearing that appellant lacked the ability to rationally formulate the intent to kill. This Court found that the expert testimony "directly related Appellant's mental defect to her inability to formulate a specific intent to kill." *Id.* at 444, 711 A.2d at 433. Conversely, in the instant case, appellant's expert witness made no mention of appellant's cognitive functions of deliberation and premeditation at the time of the murder or of his ability—or inability—to formulate the specific intent to kill. Thus, the psychiatric testimony could only have been presented during the penalty phase in mitigation of the penalty and would have been inadmissible during the guilt phase. *Zettlemoyer, supra* at 28, 454 A.2d at 943. Counsel cannot be deemed ineffective for failing to present a meritless defense.

For the foregoing reasons, we find that trial counsel was not ineffective in failing to present a diminished capacity defense during the guilt phase; therefore, appellant's claim fails. Accordingly, the order of the PCRA court is affirmed.