J-S39012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRYSTAL DAWN KNELL | : | |
| | : | |
| Appellant | : | No. 234 WDA 2024 |

Appeal from the PCRA Order Entered January 23, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000329-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  January 15, 2025**

Appellant, Crystal Dawn Knell, appeals from the January 23, 2024 order entered in the McKean County Court of Common Pleas denying her first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant asserts that trial counsel provided ineffective assistance by failing to explore a defense of insanity or mental infirmity.  After careful review, we affirm.

On July 9, 2020, Appellant assaulted two caseworkers from Children and Youth Services ("CYS") and threatened one with a butcher knife when they arrived with an emergency court order to remove her children from her home. The Commonwealth charged her with, *inter alia*, two counts of Aggravated Assault, Terroristic Threats, and Simple Assault.[2]  The McKean County Public

---

[1] 42 Pa.C.S. §§ 9541-46.

[2] 18 Pa.C.S. §§ 2702(a)(6), 2706(a)(1), 2701(a)(3).

Defenders' Office represented Appellant.[3]  After a jury trial at which the Hon. Christopher G. Hauser presided, a jury found her guilty of the above charges.[4] The court ordered a pre-sentence investigation ("PSI") report.  On May 6, 2022, the court sentenced Appellant to an aggregate term of 31 to 84 months' incarceration.[5]  Appellant did not file a direct appeal.

On May 17, 2023, Appellant filed a *pro se* PCRA Petition.  Following the appointment of counsel, she filed an amended petition on December 12, 2023, claiming that trial counsel provided ineffective assistance by failing to investigate and present an insanity or mental infirmity defense at trial or introduce mitigating mental health evidence at sentencing.

On January 22, 2024, the PCRA court held a hearing[6] at which Attorney Clabaugh testified that in his conversations with Appellant, she was adamant that she did not pick up a knife or threaten the CYS workers with it.  He also testified that Appellant gave no indication during their conversations that she was incompetent or otherwise suffering from a mental illness to support a mental health defense.  He stated that when he became involved in the case

---

[3] Attorney Sarah DuFresne represented Appellant from July 2020 until Attorney Philip Clabaugh took over for her from September 2021 through sentencing.

[4] The court found her guilty of harassment, a summary offense.

[5] During her allocution at the sentencing hearing, Appellant stated for the first time that she did not remember doing the crimes, adding "I must have blacked out that day."  N.T. Sent'g, 5/6/22, at 12.

[6] The Honorable Robert L. Boyer presided at the PCRA hearing.

in September 2021, Appellant could not be located and it was not until December 2021 that he was able to connect with her and learned that she had attempted suicide while awaiting trial, which resulted in her hospitalization. He also stated that he reviewed the entire file that had been compiled by Appellant's prior counsel and saw no records or notes indicating Appellant suffered from a mental defect at the time of the incident.[7]  He stated that, although he had seen body cam video of Appellant stating she needed to go to the hospital after the incident because of a mental health crisis, he stated that he has had "hundreds of clients say many things at their point of arrest" and because she never raised that issue with him, he saw no "red flags" that would lead him to believe they should pursue "that issue."[8] Counsel also testified that he tried to get Appellant's medical records, but Appellant never signed a release allowing him to do so.[9]  He further stated that Appellant clearly told him what happened the day of the incident and in looking at video together that had been recorded by the responding officer's body camera with him, she had observed that the knife that had been on the counter was too far away for her to grab it when she got agitated with the CYS workers. He stated that she told him before trial that she "absolutely did not have a

_____

[7] N.T. PCRA Hr'g, at 51.

[8] *Id*. at 59.

[9] *Id*.

knife."[10]  He also noted that he did request a jury instruction on "transitory anger" as a mental health defense with respect to the terroristic threats offenses, which the court denied.[11]

Appellant testified that she had been diagnosed as a teenager with bipolar disorder for which she took medication.  She also stated that, prior to this incident, she had experienced blackouts when she became agitated and stated that it was at trial after reviewing a video of her husband recalling the incident that she realized that "the only explanation I could have had to what happened that day was a blackout."  *Id.* at 16.  The court admitted certain medical records Appellant had annexed to her PCRA petition solely for the limited purpose of establishing a timeline.  Appellant presented no affidavit or testimony from a psychiatrist or other medical expert.

Immediately following the hearing, the PCRA court dismissed the petition and provided its factual findings and reasoning on the record to support its conclusion that Appellant failed to meet her burden that counsel provided ineffective assistance of counsel.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.  The PCRA court did not provide a Rule 1925(a) opinion and instead "submitted the case on the record."  Order, 3/29/24.

Appellant raises one issue for our review:

---

[10] *Id*. at 55.

[11] *Id.* at 55.

Whether, in applying the standard applicable to claims of ineffective assistance of counsel based on counsel's failure to explore, investigate[,] and present available psychiatric evidence, the PCRA court's conclusions of law that counsel's failures were strategically sound and that Appellant did not suffer prejudice as a result of such shortcomings were erroneous?

Appellant's Br. at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "We give no such deference, however, to the court's legal conclusions." *Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he

burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

Appellant argues that counsel failed to "explore, investigate, and present available psychiatric evidence" at her trial and at sentencing. Appellant's Br. at 19. She contends that her claim has arguable merit because if this evidence had been presented at trial, it would have negated the *mens rea* element of the offenses with which she was charged. *Id.* at 20. In challenging the court's determination that she failed to show counsel had no reasonable basis for failing to investigate and pursue a mental health defense, she relies on her PCRA testimony "that she advised counsel of her mental health issues both before trial and before sentencing" and states if he had "actually engaged in a 'reasonable investigation it would have revealed [Appellant's] diagnosis and treatment history.'" *Id*. at 22, quoting

*Commonwealth v. Legg*, 711 A.2d 430, 434 (Pa. 1998).[12]  With respect to the prejudice prong of the IAC test, she contends that the PCRA court erred in concluding that she failed to show that there was a "reasonable likelihood of a different outcome in this case[.]"  *Id*., at 20 (citing N.T., 1/22/24, at 66-68, 71).  In support, she again emphasizes her PCRA testimony that she experienced "blackouts" and her "psychiatric records [that] reflect that she has a lengthy history of mental health issues[.]"  *Id*. at 20.[13]  She also contends that because of counsel's failure to explore, investigate and present evidence of Appellant's psychiatric history, the jury and the sentencing court "were deprived of [ ] pertinent evidence." *Id*. at 23.

---

[12] In *Legg*, the Pennsylvania Supreme Court reversed this Court's order that had reversed the PCRA court's order granting the appellant a new trial based on ineffective assistance of counsel.  The Supreme Court observed that the testimony of a psychiatric expert presented at the appellant's PCRA hearing regarding the appellant's homicidal and suicidal ideations that were apparent two months prior to—as well as the appellant's depression and anxiety at the time of—her killing her husband directly impacted whether she was able to form the specific intent to kill to satisfy the first prong of the ineffective assistance of counsel test.  771 A.2d at 433.  With respect to the second prong, the Court observed that counsel testified that he was aware of such information following the appellant's arrest and, thus, held that counsel had no reasonable basis for failing to investigate and present a diminished capacity defense.  *Id.* at 433-34.  The Supreme Court also agreed with the trial court that counsel's omission so undermined the truth-determining process that "no reliable adjudication of guilt or innocence of the crime of first-degree murder could have taken place under the circumstances."  *Id*. at 435.  Finally, the Supreme Court opined that this Court improperly reweighed the testimony presented at the PCRA hearing in reviewing the PCRA court's disposition.  *Id*.

[13] As noted above, the psychiatric records were not admitted to show that Appellant suffered mental illness at the time of the incident.

At the conclusion of the hearing, the PCRA court found that Appellant had not met her burden with respect to the second and third prongs of the ineffective assistance of counsel test. Specifically, the court observed that with no medical testimony or other evidence presented by a psychiatric expert at the PCRA hearing, it was unable to conclude that there was a reasonable probability of a different outcome in the trial or the sentencing. N.T. at 66-68. In addition, finding counsel's testimony credible, the court noted that counsel had "made a request to get the records, [Appellant] didn't sign a release[, and counsel] didn't receive them[.]" *Id*. at 68. The court also credited counsel's testimony that "everything in his observation of her, all of his contact with her, and conversations with her, she was not raising mental health as a defense to him. She was specifically raising a defense of [`]I did not do this[']." *Id*. at 69-70. It also found credible counsel's testimony when he "very specifically [testified] when he met with her, she was very adamant and could remember all of the details of the incident[, e]ven[,] as he said[,] pointing out [] the knife in a photo of it on the table, or where it was and saying, `see, I could not have reached that, how did I get it if it was there.'" *Id*. at 70-71. *See also* N.T. Trial, 4/11/22, at 133-34, 138 (where Appellant testifies that she was yelling at the CYS workers but she did not pick up a knife at any point of her interaction with them). Additionally, the PCRA court found Appellant's testimony about her blackouts to be not credible based on its prior extensive research of and experience with experts on the issue of

blackouts. *See* N.T. at 71 (where court states that "[blackouts are] not quite as [Appellant] described").

The court, thus, concluded "that counsel was not ineffective, and pursued a reasonable trial strategy in this case, given all of the facts given and known to him and presented by the defendant during his representation of [Appellant]." *Id*. at 72.

After careful review of the record, we conclude that the PCRA court's findings are supported by the record. The medical records annexed to Appellant's petition did not demonstrate that at the time of the incident, Appellant was under psychiatric treatment or otherwise experiencing a mental health deficiency that would have negated the *mens rea* element of the charged crimes.[14] In addition, Appellant did not present an affidavit or testimony at the PCRA hearing from a medical expert to support her claim that a mental infirmity defense would have had merit so as to affect the outcome of the case. *See*, *e.g.*, *Commonwealth v. McCullum*, 738 A.2d 1007, 1009 (Pa 1999) (observing that "[d]iminished capacity is an extremely limited defense that requires psychiatric testimony concerning a defendant's mental

---

[14] Appellant annexed medical records for mental health evaluations that occurred in September 2020 and December 2021, the former ordered in connection with a family court matter, and the latter following an alleged attempted suicide. In addition to these records being irrelevant to whether at the time of the incident she was under psychiatric treatment or acting under the influence of a mental illness, our review of those records indicates that although Appellant self-reported previous mental health struggles, nothing in the records indicates that she reported that she suffered blackouts.

disorders that specifically affect the 'cognitive functions of deliberation and premeditation necessary to formulate a specific intent[.]'"). Finally, this Court may not reweigh the testimony and evidence presented to reach a conclusion different from the PCRA court. **Legg**, 711 A.2d at 435.

Based on our review, we discern no error of law in the PCRA court's conclusions. Accordingly, we conclude that the PCRA court properly exercised its discretion in denying Appellant's request for PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/15/2025