J-S26003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
GARY LEE ROCK                  :
                               :
            Appellant          :   No. 212 MDA 2025

Appeal from the PCRA Order Entered January 21, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-MD-0000283-1977

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:              **FILED: AUGUST 12, 2025**

Gary Lee Rock appeals *pro se* from the order, entered in the Court of Common Pleas of Franklin County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

In May 1978, a jury convicted Rock of two counts of first-degree murder and six counts of attempted murder.  Rock, a Marine Corps veteran, was alleged to have set fire to his house and a shed, leaving only one wall of the house standing and completely destroying the shed.  Rock also shot and killed the fire chief and a neighbor who responded to the fire and injured several other persons.  **See** Trial Court Opinion, 10/12/84, at 1 (unpaginated); **see also Commonwealth v. Rock**, 145 A.3d 770 (Pa. Super. 2016) (Table) (Court's factual recitation stating, "[o]n July 2, 1977, [Rock], dressed in combat fatigues and armed with a high-powered rifle, shot at people who were

responding to a fire, which he had set, on his property. He killed a neighbor and a firefighter, and injured several other firefighters[.]"). Rock presented a diminished capacity defense[1] at trial, based largely in part on his post-military depression and psychotic and suicidal behaviors. *See Rock v. Zimmerman*, 543 F. Supp. 179, 182 (M.D.Pa. 1982) ("The principal issue at trial was whether Rock was legally sane at the time of the incident, and, therefore, criminally responsible for his actions."). Rock was sentenced in September 1980 to life imprisonment. His judgment of sentence was affirmed by our Supreme Court in 1981.

In 1984, Rock received a new trial after the Honorable Richard P. Conaboy, of the United States District Court for the Middle District of Pennsylvania, granted his petition for a writ of *habeas corpus*, concluding that trial counsel was ineffective for failing to seek to suppress physical evidence[2] and for failure to offer evidence of Rock's good character. *See id.*, 586 F. Supp. 1076 (M.D.Pa. 1984). On January 22, 1985, following retrial, a jury convicted Rock of two counts each of first-degree murder and aggravated assault and four counts of attempted murder. In March 1986, Rock was

_____

[1] "Diminished capacity is an extremely limited defense that requires psychiatric testimony concerning a defendant's mental disorders that specifically affect the 'cognitive functions [of deliberation and premeditation] necessary to formulate a specific intent' to kill." *Commonwealth v. McCullum*, 738 A.2d 1007, 1009 (Pa. 1999).

[2] That evidence included soil samples, rifle shells, and other materials seized by the police from the crime scene without a warrant and without a showing of exigent circumstances. *See Rock v. Zimmerman*, 586 F. Supp. at 1079.

sentenced again to life imprisonment. Our Court affirmed Rock's judgment of sentence on April 16, 1987, *see Commonwealth v. Rock*, 526 A.3d 1235 (Pa. Super. 1987) (Table), and the Pennsylvania Supreme Court denied Rock's petition for allowance of appeal on July 8, 1988. *See id.*, 546 A.2d 58 (Pa. 1988) (Table). From 1988 through 2017, Rock unsuccessfully litigated various federal *habeas corpus* petitions and state PCRA petitions.

Rock filed the instant PCRA petition, his sixth, on October 15, 2024. In his petition, Rock acknowledges that his petition was untimely filed; however, he pleads the PCRA's "newly-discovered" fact exception. *See* 42 Pa.C.S.A § 9545(b)(1)(ii). Rock's newly-discovered facts consist of an October 2011 Government Accountability Office (GAO) Report and a 2016 VA Suicide Report that confirmed the high rate of military veterans diagnosed with mental health disease and increasing veteran suicide rates. *See* PCRA Petition, 10/15/24, at 2.

On December 31, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Rock's petition, as untimely, without a hearing. Rock filed a response to the court's Rule 907 notice on January 13, 2025, stating that he exercised due diligence in obtaining new evidence "after his decade-long search for veteran mental health evidence" and that this new evidence does not simply "mirror" what was known to him at trial. Petitioner's Pa.R.A.P. 907(1) Response to Court's Proposed Dismissal Order, 1/13/25, at 1-2. On January 21, 2025, the court dismissed Rock's petition as untimely after concluding that the new evidence Rock presented in his petition did not qualify

as "facts under the newly[-]discovered facts exception" to the PCRA's jurisdictional time-bar and that "the findings in the reports mirrored the testimony heard at [Rock's] trial and known to [him] at that time." Order, 1/21/25, at 1.

Rock filed a timely *pro se* notice of appeal,[3] raising the following issues for our review:

> (1)  Did [the] PCRA court err in concluding [that] government reports documenting widespread [v]eteran mental illness were not newly[-]discovered facts because they "do not contain an admission from the VA that it directed experts to testify relying on flawed science?"
>
> (2)  Is [the] PCRA court's finding—that VA reports are not newly[-]discovered facts because the information contained therein mirrors evidence presented at [Rock's] 1985 trial—supported by [the] record?

Appellant's Brief, at 2 (capitalization omitted).

Our standard of review of an order denying a PCRA petition is well-settled:

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the

_____

[3] Although not ordered by the PCRA court, Rock filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on February 3, 2025.

> petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We note that generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(3). Instantly, Rock's judgment of sentence became final on October 8, 1988, when the time to file a petition for certiorari with the United States Supreme Court expired. **See** Sup. Ct. R. 13 (parties have 90 days to file petition for certiorari with U.S. Supreme Court). Thus, Rock had one year from that date, or until October 9, 1989,[4] to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b). He did not file the instant petition, however, until October 15, 2024, more than thirty-five years too late. Accordingly, unless Rock pleads and proves an exception to the PCRA time bar, the PCRA court was without jurisdiction to consider its merits and, thus, properly dismissed his petition as untimely.

The three exceptions to the PCRA's one-year time bar, set forth in subsection 9545(b)(1), include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized constitutional right. **See id.** at §§ 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the

---

[4] Because October 8, 1989, fell on a Sunday, Rock had until Monday, October 9, 1989, to file his petition. **See** 1 Pa.C.S.A. § 1908.

date the claims could have been presented."[5]  ***Id.***; ***see also id.*** at §
9545(b)(2).  The timeliness requirements of the PCRA are jurisdictional in
nature; accordingly, a PCRA court cannot hear untimely petitions.
***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003).

Rock alleges that "two government reports documenting widespread
veteran mental health disorders—GAO Report (2011) and Veteran Suicide
Report (2016)—constitute newly[-]discovered facts that satisfy the [PCRA's]
timeliness exception" set forth in subsection 9545(b)(1)(ii).  Appellant's Brief,
at 4.  Rock contends that the two reports "present evidence that is collectively
and qualitatively distinctive but linked to the diminished capacity defense."
Appellant's Brief, at 5.  Rock further claims that this new evidence was not
merely corroborative, "but of a higher grade or character than the 1985
diminished capacity testimony [he offered at his trial] and would have changed
the outcome [of his trial] by bolstering the credibility of the defense."  ***Id.***;
***see also*** Appellant's Reply Brief, at 3 (citing ***Commonwealth v. Small***, 189
A.3d 961 (Pa. 2018), Rock claims "new evidence" is "of a higher grade or
character than [that which he] previously presented on a material issue").

---

[5] Subsection 9545(b)(2) was amended on October 24, 2018, effective in 60
days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the
date the claim could have been presented, to one year.  The amendment
applies to claims arising on December 24, 2017, or thereafter.  ***See*** Act 2018,
Oct. 24, P.L. 894, No. 146, § 3.  Here, the 60-day time limit in section
9545(b)(2) applies to Rock's petition, as the two reports were filed in 2011
and 2016.

Specifically, Rock asserts that the GAO Report identifies over 530,000 veterans with the same post-military depression his defense expert testified he suffers from. Moreover, he claims that the 2016 VA Suicide Report discloses that 20 veterans committed suicide every day from 1976 to 2014—the very same post-military suicidal behavior that Rock allegedly suffered from. Finally, Rock posits that since the GAO and VA Suicide Reports were not released until 2011 and 2016, "it was impossible for [him] to have known[] and presented[] the findings to the 1985 jury." Appellant's Reply Brief, at 2.

We agree with the PCRA court that, substantively, the two reports offered by Rock do not contain newly-discovered facts, but merely quantify previously known facts regarding how many veterans received mental health care over a four-year period and set forth a statistical analysis of veteran suicide rates based on mental illness. *See Commonwealth v. Graves*, 197 A.3d 1182 (Pa. Super. 2018) (subsection 9545(b)(1)(ii) not met when facts are not new or newly-discovered). Because Rock's expert testified at trial that he suffered from depression, mental impairment, and suicidal ideation at the time he committed the offenses—which prevented him from forming the requisite intent to commit murder—the evidence in the reports merely amounts to a new source of previously known information. *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). Moreover, the facts contained in the reports do not cite new information directly related to **Rock's own case**. *See Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa. Super. 2023)

(where petitioner "cite[d] no new information in **his** case," newspaper articles offered by petitioner did not constitute newly-discovered facts under subsection 9545(b)(1)) (emphasis in original).

Accordingly, the PCRA court properly dismissed Rock's petition as untimely where he failed to prove an exception to the PCRA time bar.[6] ***Robinson***, ***supra***; ***Ford***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025

_____

[6] Applying the holding of ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020), where our Supreme Court struck down the public record presumption as it applies to the newly-discovered facts exception, the PCRA court concluded that Rock had filed his claim within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A § 9545(b)(2). Instantly, Rock averred in his PCRA petition that due to his *pro se* incarcerated status, he lacked internet access to search for any government reports. ***See*** PCRA Petition, 10/15/24, at ¶ 8. In fact, Rock avers that, despite exhausting all available prison resources between 2011 and 2024, it was not until he asked a family member in August 2024 if she could do an online search for him did he receive copies of the reports by mail. ***Id.*** at ¶¶ 13-14. We agree with the PCRA court's application of ***Small*** to the instant matter as it relates to subsection 9545(b)(2).